Washington v. McKoy

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand twenty.

PRESENT:
> RICHARD J. SULLIVAN,
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

Wayne Washington,

*Plaintiff-Appellant*,

Nathaniel Jay, Patrick Jeanty, Derrick Fulton, Eric McCoy, Derrick Clark, Peter Wells,

*Plaintiffs*,

v.                                                                         18-3103

Jeff McKoy, Deputy Commissioner of Programs Services, Harold D. Graham,

Superintendent of Auburn Correctional Facility, Justin J. Thomas, Superintendent of Marcy Correctional Facility, Donna M. Martin, F.S.A.; Auburn Correctional Facility, Minister Sunni Shabazz, N.O.I. Chaplain, Auburn Correctional Facility,

*Defendants-Appellees*,

Anthony J. Annucci,

*Defendant*.

───────────────────────────────

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Wayne Washington, pro se, Wallkill, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Kate H. Nepveu, Assistant Solicitor General, *for* Letitia James, Attorney General for the State of New York, Albany, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *C.J.*; Baxter, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Wayne Washington, an incarcerated prisoner proceeding *pro se*, appeals the district court's granting of summary judgment to the defendants, who are officials with the New York State Department of Corrections and Community Supervision

("DOCCS"). Washington and six other prisoners – all practicing Muslims and members of the Nation of Islam ("NOI") – claimed that the defendants violated the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, by changing their policy regarding the selection of kitchen workers for Muslim religious holidays, unequally applying that policy, and providing the defendants with inadequate and noncompliant meals throughout the month of Ramadan in 2014. A magistrate judge recommended granting the defendants' motion for summary judgment, concluding that the plaintiffs failed to show that either the noncompliant meals or the kitchen-worker policy substantially burdened their religious beliefs and that there was insufficient evidence to support the contention that the policy was applied unequally. The district court adopted the report and recommendation, and Washington (but no other plaintiff) appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"

3

*Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

## I.  RLUIPA Claims

The district court properly granted summary judgment to the defendants on the RLUIPA claims.  "In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility." *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006).  And money damages are not available under the RLUIPA.  *Holland v. Goord*, 758 F.3d 215, 224 (2d Cir. 2014).  Thus, Washington's RLUIPA claims were mooted by his transfer from Auburn.  Washington does not challenge this holding on appeal.

## II.  Free Exercise Claim

The Free Exercise Clause of the First Amendment extends to prisoners and includes their right to meals that comport with religious requirements.  *Ford v. McGinnis*, 352 F.3d 582, 588, 597 (2d Cir. 2003); *see also McEachin v. McGuinnis*, 357 F.3d 197, 203–04 (2d Cir. 2004).  Although this Court has not yet decided whether a prisoner asserting a free exercise claim must, as a threshold requirement, show that the disputed conduct substantially burdened his sincerely held religious beliefs, *Holland*, 758 F.3d at 220–21, the district court applied the substantial burden test, and Washington does not challenge its application on appeal.  *See Brandon v. Kinter*, 938 F.3d 21, 32 n.7 (2d Cir. 2019) (declining to address the question, and applying the substantial burden test because the parties did

4

not brief the issue on appeal); *Ford*, 352 F.3d at 592 (same); *cf. LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se . . . .*").

Assuming the applicability of that test here, we find that Washington failed to establish that Auburn's policy of allowing non-NOI members to prepare meals for NOI inmates substantially burdened the latter's religious beliefs. In fact, Washington admitted that the fact that the kitchen workers were not NOI members was "not necessarily the issue," and instead asserted that he believed Ramadan meals needed to be prepared by people with good hygiene. And since Washington did not assert that the policy had any effect on the hygiene of the kitchen workers, or that the policy resulted in unclean persons preparing the meals, no reasonable jury could find that the policy itself constituted a substantial burden on Washington's beliefs.

Nor did Washington demonstrate that the allegedly noncompliant meals themselves substantially burdened his religious beliefs. Courts have held that a substantial burden occurs where a defendant's actions force a plaintiff to "choose between for[going] adequate nutrition or violating a central ten[et] of his religion." *Thompson v. Holm*, 809 F.3d 376, 380 (7th Cir. 2016); *cf. Kahane v. Carlson*, 527 F.2d 492, 496 (2d Cir. 1975) (modifying a district court order to "require the provision of a diet sufficient to sustain the [Jewish] prisoner in good health without violating the Jewish dietary

laws"). The defendants proffered evidence – including a statement by Robert Schattinger, the DOCCS Director of Nutritional Services – showing that the plaintiffs were able to eat at least some portion of their meal every day and that, even without the side dishes and desserts, the meals were nutritionally sufficient. Washington and the other plaintiffs did not submit any evidence contradicting Schattinger's statement about nutritional sufficiency (such as, for example, evidence that they lost weight or experienced other symptoms of nutritional deficiency). Thus, Washington and the other plaintiffs failed to show that they were forced to forgo adequate nutrition, eat the noncompliant foods, or break their fast. *See Thompson*, 809 F.3d at 380; *cf. Holland*, 758 F.3d at 221 (ordering plaintiff to break his fast by drinking water or face administrative segregation constituted a substantial burden). We therefore find that this case is distinguishable from this Court's prior cases concerning noncompliant religious meals.

## III. Equal Protection Claim

Finally, an independent review of the record and relevant case law reveals that the district court properly adopted the magistrate judge's recommendation on plaintiffs' equal protection claim. As the magistrate judge noted, Auburn's policy allowed co-religionists who were non-kitchen workers to prepare religious meals if there were no prisoners of the faith group already approved to work in the kitchen. In support of their equal protection claim, plaintiffs offered only an affidavit stating that a Rastafarian

6

inmate, who was not a regular kitchen worker, was selected to work in the kitchen to prepare food for a Rastafarian holiday. But the magistrate judge did not err in finding that this affidavit did not support a finding that defendants treated the NOI community differently than similarly situated individuals, particularly since there was no evidence that Auburn did not follow the prison rules in that instance.

We have considered all of Washington's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court